```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

JOSEPH REILLY,

        Plaintiff,
v.                                    Case No. 8:12-cv-2604-T-33EAJ

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

        Defendant.
_____/

**ORDER**

This insurance coverage dispute is before the Court sua sponte. For the reasons that follow, the Court dismisses the complaint without prejudice for lack of jurisdiction and with leave to amend by January 22, 2013, if jurisdiction can properly be alleged.

**Discussion**

The inherent problem with Plaintiff's complaint is that it fails to allege facts which would bring his claim within the jurisdictional authority of this Court. See Fed R. Civ. P. 8(a)(1) (providing that "[a] pleading that states a claim for relief *must* contain: a short and plain statement of the grounds for the court's jurisdiction, . . .")(emphasis added). Indeed, Plaintiff's three-page complaint (Doc. # 1), filed on November 16, 2012, does not contain any allegations upon which a finding of federal question or diversity of citizenship

jurisdiction could be predicated. See 28 U.S.C. §§ 1331, 1332. Likewise, Defendant's counterclaim, filed on December 17, 2012, is devoid of jurisdictional allegations.

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Finding no basis for the exercise of its jurisdiction, the Court dismisses the complaint and counterclaim without prejudice. Plaintiff may file an amended complaint on or before January 22, 2013.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

This action is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff is granted leave to amend the complaint by January 22, 2013, failing which the Court will direct the clerk to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of January 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:  All Counsel and Parties of Record